Joseph A. Madison, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph A. Madison, Jr.,* petitioner, for himself.

*Jason Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 21, 1980:

This is a petition for review of a decision of the Pennsylvania Department of Public Welfare upholding a hearing examiner's rejection, in a "fair hearing" procedure, of petitioner Joseph A. Madison, Jr.'s claim that computing his income level as to food stamp eligibility without allowing a deduction for fifty-dollar-per-week payments made by him under a court order, for support of his son, violates his constitutional rights of due process and equal protection.

We affirm the decision of the department because no constitutional violation is involved.

Computation of food stamp eligibility by use of a standardized deduction, pursuant to federal law under 7 U.S.C. §2014(e), the federal regulations at 7 C.F.R. §273.9(d) and the state regulations at 55 Pa. Code §523.3(c), in place of the previous itemized deductions for court-ordered child support and other matters, does not contravene due process of law in any substantive or procedural sense. Congressional action of this sort, to minimize abuse and waste of public funds is reasonable. *Weinberger v. Salfi,* 422 U.S. 749, 778 (1975). The standardized deduction approach has been approved by the United States Supreme Court in analogous circumstances. *Knebel v. Hein,* 429 U.S. 288 (1977).

With respect to the claim of unequal protection of laws, we note initially that the federal statute in question is facially neutral with respect to race and gender, making no distinction as to the point that no-one who pays child support shall be allowed a specific deduction for that payment in determining food stamp eligibility. Nor can it be said that Congress had any con-

cealed purpose in eliminating the child support deduction. According to House Report 95-464 of the U.S. Congress, the 1977 amendment, now found at 7 U.S.C. §2014(e), was intended to curb the growing cost of the food stamp program. 1977 *U.S. Code, Congressional and Administrative News,* Vol. 2, p. 1978. Because the substitution of the standardized deduction obviously represents the essence of uniformity, the elimination of the special deduction for child support cannot be said to have a discriminatory purpose directed against males. *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282 (1979).

The petition for review will be dismissed.

### Order

Now, this 21st day of October, 1980, the final order of the Pennsylvania Department of Public Welfare, dated November 7, 1979, determining petitioner ineligible for food stamps, is affirmed and the petition for review is dismissed.